UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COX OPERATING, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 09-3358 |
| MARY ANN CIBILIC ET AL. | SECTION "S" (2) |

## ORDER AND REASONS ON MOTIONS

The presiding district judge has recently referred two related motions to me. Record Doc. No. 61. They are: (1) Defendant's Motion for Rule 11 Sanctions, Record Doc. No. 37, and (2) Plaintiff's Motion to Strike Defendant's Motion for Sanctions, Record Doc. No. 57. Having considered the written submissions of counsel, the record and the applicable law, defendants' sanctions motion is granted in part and denied in part and plaintiff's motion to strike is denied.

Defendants' motion seeks Rule 11 sanctions against plaintiff on three bases: (1) discovery misconduct, including "false and misleading" discovery responses; (2) allegation of "frivolous and unsubstantiated claims" against defendants; and (3) assertion of a baseless "loss of production" damages claim.

The motion is denied insofar as it seeks Rule 11 sanctions for the assertion of "frivolous and unsubstantiated claims." About a month after defendants filed their Rule 11 motion, the presiding district judge denied defendants' Rule 12(b)(6) motion to dismiss the complaint and found that plaintiff had in fact stated a claim, reserving to

defendants the possibility of pursuing a motion for summary judgment when discovery reaches a more advanced state. Record Doc. No. 56. A finding of frivolousness at this point sufficient to support a Rule 11 sanctions award on this ground would be contrary to that ruling.

The motion is also denied insofar as it seeks Rule 11 sanctions for plaintiff's assertion of a baseless "loss of production" damages claim. Rule 11 contains a "safe harbor" provision by which litigants may avoid the imposition of sanctions for unsupported claims by taking timely corrective action. "A motion for sanctions [under Rule 11] must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service. . . ." Fed. R. Civ. P. 11(c)(2). According to the Official Comments to the 1983 Rules Amendments that added this requirement to Rule 11, "[t]hese provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. . . . [T]he timely withdrawal of a contention will protect a party against a motion for [Rule 11] sanctions." <u>Federal Civil Judicial Procedure and Rules</u> at 91 (West 2010 ed.).

There is no indication in these motion papers that defendants followed this procedure. Instead, it appears that defendants served this motion upon plaintiff on the same day the motion was filed, June 17, 2010. Record Doc. Nos. 37 and 37-1 (certificates of service of defendants' motion and supporting memorandum). Plaintiff took corrective action on the following day, when it filed its motion to dismiss the loss of production claim, Record Doc. No. 40, which the court granted three days later. Record Doc. No. 42. Thus, having timely availed themselves of Rule 11's "safe harbor" provision by dismissing the loss of production claim, plaintiff is protected from imposition of Rule 11 sanctions concerning that assertion.

Defendants' request that plaintiff should pay sanctions for its discovery misconduct presents a different picture. I note initially that Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). Thus, the motion is denied insofar as it requests Rule 11 sanctions for plaintiff's alleged discovery misconduct.

Instead, the Federal Rules of Civil Procedure provide two other avenues for awards of fees and costs against a party who fails to comply with its discovery obligations. First, Fed. R. Civ. P. 26(g) authorizes the imposition of sanctions against a party who engages in egregious discovery misconduct of the type described in the rule. On the record before me, I cannot find that plaintiff's discovery misconduct in this case

rose to the level of bad faith in terms of insufficient inquiry, harassment or other improper purpose necessary to impose Rule 26(g)(3) sanctions.

Second, Fed. R. Civ. P. 37 provides two additional bases for an award of fees and costs that <u>are</u> appropriately employed to address the kind of fecklessness, irresponsibility and incompetence -- not by plaintiff's counsel but by plaintiff itself -- displayed by plaintiff's discovery conduct in this case. Fed. R. Civ. P. 37(a)(5)(A) and (C) and 37(b)(2)(C). As I indicated on the record during oral argument concerning defendants' third motion to compel and in my subsequent written order, Record Doc. Nos. 52 (hearing and order on motion) and 60-1 (hearing transcript at pp. 4-6), a Rule 37 sanctions award would have been made by me at that time, except that none had been specifically requested in the motion to compel then pending before me, since sanctions had been requested in the instant motion for sanctions that was then pending before the district judge. In my view, a Rule 37 award of reasonable fees and costs incurred in connection with the motion to compel was then – and still is – appropriate because plaintiff had failed fully to comply with my previous discovery order, Record Doc. No. 19; had yet again failed to provide adequate discovery responses, Record Doc. No. 52; had been dilatory in providing the inadequate responses it had provided; and had needlessly necessitated the filing of defendants' third motion to compel, which I granted in significant part, all mandating an award of expenses against plaintiff. Fed. R. Civ. P. 37(a)(5)(A) and (C) and 37(b)(2)(C). Now that the district judge has referred the request

4

for sanctions to me, I will impose those sanctions that I thought were appropriate at that time but declined to award in the interest of avoiding duplication, since this motion was then pending before her. Thus, defendants' motion for sanctions is granted – though under Rule 37, not Rules 11 or 26(g). Plaintiff must pay defendants their reasonable fees and costs incurred in connection with plaintiff's discovery misconduct necessitating the third motion to compel.

The current record is insufficient to determine the amount of the Rule 37 award of attorney's fees and costs in favor of defendants and against plaintiff. Accordingly, the amount will be determined as follows:

**IT IS ORDERED** that no later than **September 21, 2010**, defendants must file a new motion to set the amount of Rule 37 sanctions and notice the motion before me for determination on my October 6, 2010 motions docket. Defendants' motion must be supported by the affidavit of defense counsel and in the manner required by Local Rule 54.2 so that a reasonable amount may be determined. Plaintiff must file its written opposition to the motion no later than **September 28, 2010**. Thereafter, I will issue an order under Rule 37 setting the amount, without oral argument.

Plaintiff's motion to strike defendants' sanctions motion is denied. While defendant's motion has been denied in all respects as to its sanctions request under Rule 11, an award of attorney's fees and expenses for plaintiff's discovery misconduct

described in the motion is appropriate under Rule 37. This is a court of record, there is no reason to strike defendants' motion from the record, and plaintiff's motion to do so is denied.

New Orleans, Louisiana, this   8th   day of September, 2010.

                                      JOSEPH C. WILKINSON, JR.
                                  UNITED STATES MAGISTRATE JUDGE