UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COX OPERATING, L.L.C.                                          CIVIL ACTION

VERSUS                                                         NO. 09-3358

MARY ANN CIBILIC ET AL.                                        SECTION "S" (2)

## ORDER AND REASONS

In a previous order, Record Doc. No. 65, I granted in part and denied in part defendants' motion for sanctions. Record Doc. No. 37. My order granted defendants' motion in part as to their request that plaintiff should pay an award of attorney's fees and costs as a discovery sanction, but deferred awarding any particular amount and required both sides to make additional submissions, since the record was insufficient to determine the amount of the Fed. R. Civ. P. 37 award. Record Doc. No. 65 at p. 5.

Defendants then filed a Motion to Set Amount of Attorney's Fees, which is supported by the declaration under penalty of perjury of their attorney and a time report. Defendants request an award of $4,810.00. Record Doc. No. 66. Plaintiffs filed a timely memorandum in opposition. Record Doc. No. 67. Having considered the record, the written submissions of counsel and the applicable law,

**IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART, as follows.

> The determination of a fees award is a two-step process. First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974). <u>But see</u> <u>Perdue v. Kenny A.</u>, . . . 130 S. Ct. 1662, 1669 . . . (2010) (limiting upward adjustments in light of "a strong presumption that the lodestar is sufficient").

<u>Jimenez v. Wood County</u>, No. 09-40892, 2010 WL 3672226, at*6 (5th Cir. Sept. 22, 2010) (additional citations omitted).[1]

I previously ordered that defendants could recover their reasonable attorney's fees and costs "incurred in connection with plaintiff's discovery misconduct necessitating the <u>third motion to compel</u>." Record Doc. No. 65 at p. 5 (emphasis added). Therefore, my award of attorney's fees is limited to those hours reasonably expended in connection with that motion <u>only</u>. Defendants are <u>not</u> entitled to recover for hours expended in connection with the remainder of their motion for sanctions, which was largely denied.

Defendants also seek to recover attorney's fees for time spent preparing the instant Motion to Set Amount of Attorney's Fees. Despite plaintiff's argument that these hours

---

[1] The <u>Johnson</u> factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. <u>Johnson</u>, 488 F.2d at 717-19.

are not compensable, it is well established that prevailing parties can recover for this type of time.  Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996); Cruz v. Hauck, 762 F.2d 1230, 1233-35 (5th Cir. 1985); Lewallen v. City of Beaumont, No. 1:05-CV-733-TH, 2009 WL 2175637, at *8 (E.D. Tex. July 20, 2009), aff'd, Nos. 09-40337, 09-40826, 2010 WL 3303756, at *7 (5th Cir. Aug. 23, 2010); Chaparral Texas, L.P. v. W. Dale Morris, Inc., No. H-06-2468, 2009 WL 455282, at *12 n.5 (S.D. Tex. Feb. 23, 2009). Thus, I will award a fee for defendants' reasonable hours spent preparing this motion, which was required by my previous ruling.

 Plaintiff argues that some of defense counsel's time entries reflect ex parte communications with the court that should not be compensated.  These entries clearly reflect telephone conferences with court staff, not with the judge, regarding the ministerial details of filing defendants' motions and confirming oral argument.  In making this argument, any suggestion by plaintiff's counsel–intended or otherwise–that I engaged in prohibited ex parte communications with defense counsel is false.  Although these calls are not ex parte communications, I have deducted some of the time spent on these ministerial tasks, as compensation should not necessarily be awarded at an attorney's full rate for work that can be done just as effectively by a non-lawyer. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Harris v. L & L Wings, Inc., 132

F.3d 978, 985 (4th Cir. 1997); Abrams v. Baylor College, 805 F.2d 528, 535-36 (5th Cir. 1986); A.N. v. Handy, No. 86 C 9486, 1995 WL 571828, at *2 (N.D. Ill. Sept. 22, 1995).

In calculating the lodestar, I have carefully reviewed the time sheets submitted by plaintiffs. I find that Dunbar's hourly rate of $185 is reasonable and customary in the New Orleans legal community for an attorney with his qualifications and experience for work in matters like the instant case.

I further find that all of the 26 hours listed by Dunbar were not reasonably expended on plaintiffs' third motion to compel and the instant motion for attorney's fees. Therefore, I have deleted some time entries and reduced a few others to eliminate the excessive time and to award fees only for hours that are sufficiently connected with these two motions. After making these deductions, I find that Dunbar reasonably expended 11 hours on the motions. Multiplying 11 hours by Dunbar's reasonable hourly rate of $185 yields a lodestar amount of $2,035.

The lodestar amount is presumptively reasonable. In their motion, defendants do not seek an upward adjustment of the lodestar. I have already deducted certain time as described above. Having considered the Johnson factors, I find that no further adjustment of the lodestar is necessary.

Accordingly, **IT IS FURTHER ORDERED** that plaintiff must pay to defendants $2,035 in reasonable attorney's fees.

New Orleans, Louisiana, this ___12th___ day of October, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE